IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANUEL A. BENAVIDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE CITY OF IRVING, TEXAS and | § | CIVIL ACTION NO. 3:07 CV 1850-P |
| HERBERT A. GEARS, THOMAS D. | § | |
| SPINK, BETH VAN DUYNE, ALLAN E. | § | |
| MEAGHER, LEWIS PATRICK, ROSE | § | |
| CANNADAY, RICK STOPFER, SAM | § | |
| SMITH, and JOE PHILIPP, in their | § | |
| official capacities, | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF DAVID ELY UNDER 28 U.S.C. SEC. 1746

I, David Ely, make the following declaration pursuant to 28 U.S.C. sec. 1746.

1.    My name is David Ely.  I am over eighteen (18) years of age and am fully

competent to make this affidavit.  The facts set forth herein are true and correct and, unless

otherwise qualified, are within my personal knowledge.

2.    I am the founder of Compass Demographics, a consulting and database

management firm specializing in projects involving Census and Election Data.  I have

extensive experience in the management of redistricting projects, the analysis of voting

behavior, and demographic analysis.  I received a Bachelor of Science in Mechanical

Engineering and Social Sciences from the California Institute of Technology in 1987.

Attached hereto as Exhibit 1 is a true and correct copy of my Vita.

3.    My deposition testimony is mischaracterized in Defendants' motion for

summary judgment.  In that motion, Defendants erroneously claim that I "agree[]" that "it

simply 'is not possible to draw a geographically compact, Hispanic citizen-voting-age population majority, city council district … that contains the plaintiff's residence.'" This is not true. In fact, I stated at page 39, lines 17-18 of my deposition, in answer to a question concerning whether it was possible to draw a district with a Hispanic majority of eligible voters that included Plaintiff's current residence: "I mean, I haven't analyzed this." My answer indicated that I had not examined the characteristics of the area and could not state whether it could be added to a district with a Hispanic majority of citizen voting age population ("CVAP"). Similarly, at page 38, lines 20-21 of my deposition, I indicated that I lacked sufficient information to confirm the analysis of Defendants' expert, as reflected in the exhibit I was shown, when I stated, "I can't independently verify that the data is correct …" Further, at page 40, line 1 of my deposition, I indicated that my agreement was based on an assumption that I could not verify as I sat at my deposition: "Assuming that that area is populated, yes."

4. In addition to the reservations expressed in my deposition testimony, as described in the above paragraph 3, some of my testimony has been superseded by my subsequent submissions in this matter. The deposition was taken prior to my submission of a supplemental report and the development of new illustrative districts, among them Illustrative District A. While it would have required extensive modification of the initial illustrative district that was discussed at my deposition to include within it Plaintiff's current residence in Irving, Texas, 2108 Meadow Glen, and maintain majority Hispanic CVAP, only minor modification is required to include Plaintiff's residence in a district constructed from Illustrative District A. Attached hereto as Exhibit 2 is a true and correct

copy of my report, "Illustrative District Analysis," dated November 24, 2008, which

contains a description and map of Illustrative District A.

5.      Many of the blocks separating 2108 Meadow Glen from Illustrative District

A are either unpopulated or sparsely populated.  In addition, many of the blocks separating

2108 Meadow Glen from Illustrative District A have significant Hispanic population.  The

additional blocks required to include Plaintiff's residence have a population of 1461

people, which is only 6% of the ideal district population.  Hispanics make up 35.5% of the

population and 25.9% of CVAP in these blocks.  Therefore, it is not difficult to include

these blocks while maintaining a Hispanic majority of CVAP and near ideal district size.

6.      I have developed an illustrative district that includes 2108 Meadow Glen

and has a Hispanic majority of CVAP ("Illustrative District C").  I estimated the Hispanic

share of citizenship for Illustrative District C using the methodology described in my

report, "Illustrative District Analysis," referenced above in paragraph 4.  Attached as

Exhibit 3 is a map of Illustrative District C.  Attached as Exhibit 4 is a table showing the

demographic characteristics of Illustrative District C.

7.      In my experience, districts are often extended in unexpected ways to include

particular locations, such as incumbent residences, key supporters' residences, or

community facilities.  Illustrative District C, as well as other illustrative districts I have

created, is within the range of compactness found in single member districts in Texas.

Attached as Exhibit 5 is a series of maps of current or recently used legislative districts.

8.      In my experience, the analysis that goes into the creation of a remedial

district is often significantly different from the analysis required to create an illustrative

district.  An illustrative district is intended only to demonstrate that the requirements of

<u>DECLARATION OF DAVID ELY UNDER 28 U.S.C. SEC. 1746</u>                              Page 3

*Gingles* prong one can be met. It does not represent the only, or even the most desirable, remedy available. Remedial districts are usually created with greater local input, and are often very different from illustrative districts.

9.     Plaintiff's residence, 2108 Meadow Glen, is located in the City of Irving, which elects each of the members of its City Council at-large. Plaintiff, therefore, is eligible to vote in every election for member of the Irving City Council. There are no existing single member council districts, and any illustrative district is merely hypothetical.

10.     Under an at-large election system, Plaintiff, as with other Hispanics in Irving, including those allegedly residing out of the area of a possible district with a Hispanic majority of eligible voters, is denied the ability to participate in the electoral process in concrete ways apart from the opportunity to vote for a Hispanic candidate with a reasonable chance of prevailing. Moreover, Plaintiff is deprived of the opportunity to raise matters of concern to him with a representative elected from a Hispanic community of interest.

11.     To the extent that Hispanic citizens within the City of Irving have common shared interests that differ from those of the majority population, a single member system in which one district provides the Hispanic community an opportunity to elect a candidate of its choice provides all Hispanic citizens, regardless of residential location, with a greater opportunity to participate in the government of the city. These opportunities include working for the campaigns of, or contributing campaign funds to, viable candidates who appeal to a Hispanic constituency, as well as raising issues of concern with a representative elected from a Hispanic community of interest.

12.     The proportion of Irving's population that is Hispanic has grown rapidly since 2000. As reported by the Census, Irving's population was 31.2% Hispanic in 2000. That proportion was estimated by the American Community Survey (the "ACS") 2005-2007 three year analysis to be 40.6%. True and correct copies of printouts of the relevant 2000 Census and 2005-2007 ACS tables, as posted on the Census Bureau website, are attached hereto as Exhibits 6 and 7.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on $\underline{29th}$ day of December 2008.

_____
David Ely

DECLARATION OF DAVID ELY UNDER 28 U.S.C. SEC. 1746                    Page 5